On Rehearing.

Wilson, J.
The relation between bank and depositor is that of debtor and creditor, the debt being payable on demand. This relation exists only during the will and pleasure of either party, and Avhen the creditor desires to terminate it, he must make a demand upon the bank for payment. This is, in effect, a notice of his desire and intention to terminate the relation, and when given at once brings about the maturity of the debt. Upon refusal by the debtor to pay after such notice, the right is then conferred upon the creditor for the first time, to maintain an action against the debtor for the recovery of the debt, and under express provision of the statute, to recover interest thereon from the time of such notice of intention and demand of payment. When the circumstances are such, as is contended in the present case, that the demand would be unavailing because of the inability of tbe debtor to pay, and would therefore be excused, there still remains the necessity that the creditor should desire and intend to terminate the relation of debtor and creditor by bringing about the maturity of the debt, before interest should begin *485 to run. If lie does not desire his money, nor wish to terminate the relation of debtor and creditor, nor effect the maturity of the debt, we know of no law which would force him to do so. Such desire and intention being essential in order to constitute the maturity of the debt, it would seem reasonable that some notice thereof of some kind or character should be given to the debtor, so as to fix the time when interest should begin to run, if for no other reason. It could hardly be contended that because a temporary embarrassment disabled a debtor from making payment, a creditor could come in at any. time afterwards, and claim interest from the time of such disability, solely because of such temporary disability. It is a matter of common knowledge that in the history of the large majority of banks, and of business men, there are occasions when if suddenly called upon to meet their demand obligations, they would be unable to do so. To hold that in such case the law steps in and says to the debtor, without any act, application or intervention of the creditor, or without any evidence of an intention on his'part to invoke a privilege which the law gives him, “ All of your demand obligations are now matured, and shall bear interest henceforth and until paid, if the creditor should at any time hereafter, no matter how remote, demand it,” — would be an unconscionable hardship, as well as a doctrine destitute of all support either in reason or legal authority. The creditor may not desire nor need his money, may feel amply secure, and have no intention of terminating the relation of debtor and creditor, but the law in its kindly solicitude for his interests, says, you may need it at some future time, and then you may demand and receive interest upon the debt from the time when, if you had desired your money, and made a demand for it, the debtor would have been unable to pay. This, too, although the debtor never knew or had reason to suspect that you intended to exact this penalty, and although many times after his temporary embarrassment, he could have paid if you had manifested the slightest desire for payment. This occasion might arise, if the principle contended for by *486 the plaintiff were acknowledged.. We do not believe, however, that a doctrine which will permit of such results ever was, or ought to be the law. In our opinion, the only reasonable construction of the law under like circumstances to the case at bar, is that even though a debtor may be unable to pay, and a demand therefor be excusable to that extent, still there must be some notice to him of some kind, either by the institution of a suit, or otherwise, of the creditor’s intention to terminate the relation of debtor and creditor by declaring the maturity of the debt, or some act of the creditor evidencing such desire and intention, before he can be allowed to recover interest. In the case at bar, there was no pretense of anything of the kind. During nearly nine months of the alleged temporary inability of the bank to pay, the plaintiff neither commenced suit, nor gave notice in any manner of a desire for payment to any officer of the bank, or to the temporary receiver or custodian of its assets. When he did give such notice for the first time, on January 8, 1897, by the presentation of a check for the full amount of his deposit, the debt was promptly paid. There is no allegation in the complaint that plaintiff desired payment of his deposit at any time before it was paid, or that he would have so desired or requested before such time had the bank been transacting its business as usual.
After careful consideration of the able arguments presented by counsel on rehearing, we see no reason to change our views, and the judgment will be affirmed.

Affirmed.